*Formatted for Electronic Distribution*                                                                                      *Not for Publication*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

Filed & Entered
On Docket
August 21, 2012

_____

In re:
    Malcolm H. Parker,                                                         Involuntary Chapter 7 Case
        Putative Debtor.                                                    # 12-10684

_____

### ORDER
### POSTPONING HEARING ON PETITIONING CREDITORS' MOTION
### TO APPOINT AN INTERIM TRUSTEE UNDER 11 U.S.C. § 303(G)

      On August 14, 2012, Robert Finkle, Jerry Rule, and Sally Fellows, through their attorney, filed an involuntary chapter 7 bankruptcy petition against Malcolm H. Parker.  The petition alleges that the petitioning creditors are eligible to file the petition, Mr. Parker is a person against whom an order for relied may be entered under title 11 of the U.S. Code (the "Bankruptcy Code"), Mr. Parker is generally not paying his debts as they become due, and Mr. Parker's debts are primarily business debts (doc. #1).  The petitioning creditors allege that Mr. Parker owes them approximately $798,000, $360,000, and $213,000, respectively, for a total of over $1.3 million.  The petitioning creditors filed with the petition a motion to appoint an interim chapter 7 trustee under 11 U.S.C. § 303(g) ("the Motion").  As of this date, the putative debtor is not represented by counsel.  The Court set a hearing on the Motion for August 28, 2012.  The petitioning creditors subsequently requested that the Court postpone the hearing until September 4, 2012, to give the putative debtor a greater opportunity to prepare for the hearing.  The Court grants that request and postpones the hearing until September 4, 2012.

      The petitioning creditors assert that the appointment of an interim trustee is warranted here because "[t]he debtor has been found guilty of fraud upon his creditors by the United States District Court for the District of Vermont," and attaches a copy of the plea agreement in an action captioned United States of America v. Malcolm Parker, No. 5:12-cr-46, with a file stamp in the United States District Court for the District of Vermont dated March 16, 2012.  The movants do not provide any of the facts underlying this fraud conviction, specify what assets the putative debtor currently has, or set forth a factual basis for a finding that the assets of the estate are at risk during this interim period prior to entry of the order for relief.  The relief the petitioning creditors seek is drastic and the Court must consider the proof in light of the procedural posture of this proceeding.  The petitioning creditors must produce admissible

1

factual evidence at the hearing to prove that the appointment of a trustee is necessary to protect the assets of the estate and warranted even before this Court has determined that Mr. Malcolm is properly declared a debtor under the pending involuntary petition. As the preeminent bankruptcy treatise has observed, the Court must carefully balance the rights of the putative debtor against the rights of the petitioning creditors and require a showing of necessity before appointing a trustee to take control of the debtor's assets:

> One theme emphasized throughout the caselaw concerns the potentially devastating consequences flowing from the displacement of the debtor from his property prior to a finding that bankruptcy relief is appropriate. Although the courts generally have expressed reluctance to take this step absent a clear showing of necessity, the courts have not hesitated to do so where the evidence establishes that the debtor has made transfers with an intent to hinder, delay or defraud creditors . . ..

Collier on Bankruptcy ¶ 2001.02[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). The Bankruptcy Code emphasizes the balance, and provides a corollary of protection to the putative debtor by requiring the petitioning creditors to post a bond in order to obtain this relief.

Bankruptcy Code § 303(g) governs the appointment of an interim trustee prior to entry of an order for relief in involuntary chapter 7 case. It provides:

> At any time after the commencement of an involuntary case under chapter 7 of [the Bankruptcy Code] but before an order for relief in the case, the court, on request of a party in interest, after notice to the debtor and a hearing, and <u>if necessary to preserve the property of the estate or to prevent loss to the estate</u>, may order the United States trustee to appoint an interim trustee under section 701 of [the Bankruptcy Code] to take possession of the property of the estate and to operate any business of the debtor. <u>Before an order for relief, the debtor may regain possession of property in the possession of a trustee ordered appointed under this subsection if the debtor files such bond as the court requires, conditioned on the debtor's accounting for and delivering to the trustee</u>, if there is an order for relief in the case, such property, or the value, as of the date the debtor regains possession, of such property.

11 U.S.C. § 303(g) (2012) (emphasis added). Federal Rule of Bankruptcy Procedure 2001 sets out the procedure for the appointment of an interim trustee before entry of an order for relief in a chapter 7 case. It provides:

> (a) Appointment. At any time following the commencement of an involuntary liquidation case and before an order for relief, the court on written motion of a party in interest may order the appointment of an interim trustee under §303(g) of the [Bankruptcy] Code. The motion shall set forth the necessity for the appointment and may be granted only after hearing on notice to the debtor, the petitioning creditors, the United States trustee, and other parties in interest as the court may designate.
>
> (b) Bond of movant. <u>An interim trustee may not be appointed under this rule unless the movant furnishes a bond in an amount approved by the court,</u> conditioned to indemnify the debtor for costs, attorney's fee, expenses, and damages allowable under §303(i) of the [Bankruptcy] Code.

2

    (c) Order of appointment. The order directing the appointment of an interim trustee shall state the reason the appointment is necessary and <u>shall specify the trustee's duties</u>.

    (d) Turnover and report. Following qualification of the trustee selected under § 702 of the [Bankruptcy] Code, the interim trustee, unless otherwise ordered, shall (1) forthwith deliver to the trustee all the records and property of the estate in possession or subject to control of the interim trustee and, (2) within 30 days thereafter file a final report and account.

Fed. R. Bankr. P. 2001 (2012) (emphasis added). Accordingly, the petitioning creditors bear the burden of demonstrating that an interim trustee is necessary to preserve the property of the estate or to prevent loss to the estate, and must post bond in an amount approved by this Court as a prerequisite to obtaining that relief.

Based upon the foregoing controlling statute, rule, and analysis, and based upon the current record in this case, IT IS HEREBY ORDERED that

1. the hearing on the petitioning creditors' motion to appoint an interim chapter 7 trustee under 11 U.S.C. § 303(g) (doc. # 3) is postponed until <u>Tuesday, September 4, 2012 at 3:30 PM</u> in Rutland, Vermont;

2. by <u>noon on Monday, August 27, 2012</u>, the petitioning creditors shall file a proposed order to support the Motion, setting forth the duties it seeks to have the interim trustee perform in this case, pursuant to Rule 2001(c), and the amount of the bond it proposes to file, to satisfy Rule 2001(b);

3. by <u>4:00 P.M. on Tuesday, August 28, 2012</u>, Mr. Malcolm, the putative debtor in this case, shall file a response to the Motion and serve a copy of that response on both the attorney for the petitioning creditors and the Office of the United States Trustee, by overnight mail, fax, or e-mail;

4. <u>promptly after the response due date</u>, the parties shall confer with respect to whether they can agree in identifying the salient legal issues, determining whether the September 4th hearing will proceed as an evidentiary hearing, and establishing a schedule for adjudication of the instant motion and the petition in this case; and

5. <u>by noon on Thursday, August 30, 2012</u>, counsel for the petitioning creditors shall contact the courtroom deputy if, based upon the parties' discussion, they anticipate that the September 4th hearing will require more than one hour.

SO ORDERED.

August 21, 2012　　　　　　　　　　　　　　　　　　　　　　　　　Colleen A. Brown
Rutland, Vermont　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

3