*Formatted for Electronic Distribution*                                                                                          *Not for Publication*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

Filed & Entered
On Docket
September 11, 2012

_____
In re:
      **Malcolm H. Parker,**                                      **Involuntary Chapter 7 Case**
            **Putative Debtor.**                                           **# 12-10684**
_____

**ORDER**
**GRANTING PUTATIVE DEBTOR LEAVE TO FILE A SUPPLEMENT TO HIS ANSWER TO THE PETITION,**
**GRANTING COUNSEL'S MOTION FOR LIMITED APPEARANCE,**
**DENYING PUTATIVE DEBTOR'S MOTION FOR APPOINTED COUNSEL, AND**
**ESTABLISHING A SCHEDULE FOR PRE-TRIAL FILINGS**

On August 14, 2012, Robert Finkle, Jerry Rule, and Sally Fellows (the "petitioning creditors"), through their attorney, filed an involuntary chapter 7 bankruptcy petition against Malcolm H. Parker. The petition alleges that the petitioning creditors are eligible to file the petition, Mr. Parker is a person against whom an order for relief may be entered under title 11 of the United States Code (the "Bankruptcy Code"), Mr. Parker is generally not paying his debts as they become due, and Mr. Parker's debts are primarily business debts (doc. #1). The petitioning creditors allege that Mr. Parker owes them approximately $798,000, $360,000, and $213,000, respectively, for a total of over $1.3 million. The summons (doc. # 2), issued on August 14, 2012, notified the putative debtor that he was required to file a motion or answer responding to the involuntary bankruptcy petition within 21 days after service of the summons. On September 5, 2012, Mr. Parker filed a *pro se* letter in response to the petition (doc. # 11) (the "Response"), a motion for limited appearance and waiver of CM/ECF requirements (doc. # 12) (the "Motion for Limited Appearance), and a motion for appointment of counsel (doc. # 13) (the "Motion for Appointed Counsel").

Mr. Parker's Response expresses opposition to the involuntary petition and the entry of an order for bankruptcy relief, and also seeks an enlargement of the time to file a "more informed" answer to the petition so that he may consult with counsel. Since Mr. Parker has filed a timely answer to the petition, no enlargement of time to file an answer is necessary. The Court therefore construes this part of Mr. Parker's Response as a request for leave to file a supplement to his answer before the Court sets a trial on the petition. In light of the complexity of this case, the Court's strong preference that parties in this court be represented by counsel, and the fact that Mr. Parker's request is premised on his desire to obtain legal advice, the Court will grant him time and leave to file a supplement.

The Motion for Limited Appearance was filed by Jacob O. Durell, Esq., and seeks authority for this attorney to appear for the purpose of requesting appointment of counsel for the Debtor and, if the Court grants the motion, for a waiver of the CM/ECF registration requirements.  This Court has on rare occasion permitted attorneys to appear on a limited basis, see e.g., In re Eversole (ch 7 # 11-10838, slip op. Nov 1, 2011), where there is a compelling need for the limited legal services in question and it appears unlikely the debtor will be able to hire an attorney who would enter an unlimited appearance.  Here, as indicated above, the Court is granting Mr. Parker an opportunity to hire counsel, obtain advice with respect to the involuntary petition, and file a supplement to the Response, based upon the request the Debtor included in his pro se Response.  Since Mr. Parker raised in his Response a request for appointed counsel, the Court will grant attorney Durell's request to appear in this case for the purpose of representing Mr. Parker in connection with the request for appointed counsel, and will consider the motion he has filed on Mr. Parker's behalf.  The Court also grants the related request for a waiver of the CM/ECF registration requirement, though it does not expect Mr. Durell will need to file any additional papers in this case.

Having granted Mr. Durell's Motion for Limited Appearance, the Court turns to the substance of the Motion to Appoint Counsel that he filed.  This motion seeks relief under the federal statute entitled "Proceedings in forma pauperis," which provides, in pertinent part, as follows:

> (e)(1)   The court may request an attorney to represent any person unable to afford counsel.

28 U.S.C. § 1915(e)(1) (2012).  Counsel has not cited, and this Court has not found, a single case in which a court appointed counsel to represent a putative debtor disputing an involuntary petition.  The motion focuses on Mr. Parker's arguments contesting the validity and merits of the petition, and concludes:

> It is in the interest of Debtor's hundreds of creditors, who have a valid stake in this matter, for Debtor to be represented here and receive assistance in making the necessary determinations.  Although efforts to obtain pro bono or bankruptcy clinic assistance have thus far been unfruitful, a request from the Court may prompt their reconsideration, particularly if funding can be provided.  In this extraordinary case, a request for such an appointment is supported here on numerous grounds.

(doc. # 13, p. 5).  Appointment of counsel rests with the discretion of the court, In re Larsen, 406 B.R. 821, 823 (Bankr. E.D. Wisc. 2009), and the movant has failed to demonstrate that this case presents facts that warrant appointment of counsel under this statute.  There are three key factors that compel the Court to deny this motion.

First, appointment of counsel in a civil case is not a constitutional right, and all cases in bankruptcy court are civil in nature.  See Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999); see also In re Barkley, 2010 WL 3655560, *1 (Bankr. N.D. Ill., Sept. 10, 2010); In re Larsen, 406 B.R. at 823.

Generally, the right to counsel extends only to criminal and quasi-criminal proceedings. See Madera v. Bd. of Educ., 386 F.2d 778, 780 (2d Cir. 1967), cert. denied, 390 U.S. 1028 (1968).

Second, although the Court would acknowledge that the facts of the instant case are quite unique and complex, that is not sufficient to justify appointment of counsel. The vast majority of courts that have considered the question have ruled that 28 U.S.C. § 1915(e) does not apply to bankruptcy courts at all, and thus bankruptcy courts have no authority to appoint counsel under this statute. See In re Larsen, 406 B.R. at 823; see also In re Fitzgerald, 167 B.R. 689, 691 (Bankr. N.D. Ga. 1994); Cf. In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984) (rejecting debtor's argument that a debtor in bankruptcy had a right to appointed counsel under former Bankruptcy Rule 215(a)); In re Lassiter v. Dep't of Soc. Serv., 452 U.S. 18, 25 (1981) (holding that there is a presumption that the right to appointed counsel only exists where the litigant may lose his physical liberty if he loses the litigation); see also Russell A. Eisenberg & Frances Gecker, Due Process and Bankruptcy: A Contradiction in Terms?, 10 Bank. Dev. J. 47, 85–86 (1993–94). Moreover, although the Supreme Court has not ruled on the question of appointment of counsel in bankruptcy cases, the leading bankruptcy treatise has observed that the high court's rationale for denying debtors a waiver of bankruptcy filing fees included an explicit finding that 28 U.S.C. § 1915 does not apply to bankruptcy courts:[1]

> In [United States v. Kras, 409 U.S. 434 (1973)], the Supreme Court held that there is no fundamental right to bankruptcy relief under the due process clause of the Fifth Amendment, no authority for waiving bankruptcy filing fees under 28 U.S.C. § 1915(a) (the provision authorizing the waiver of certain fees in U.S. District Courts) and no constitutional right to access to federal courts for the purpose of obtaining bankruptcy relief. It specifically held that section 1915 authorized only the filing of a suit *in forma pauperis* in 'any court of the United States,' that bankruptcy courts were not 'courts of the United States' and hence that section 1915 was not applicable to suits filed in the bankruptcy courts. The Kras Court held that relief under the Bankruptcy Code is no more than a statutory benefit, subject to whatever limiting conditions Congress reasonably imposes on its availability, and that when Congress mandated that one pay a filing fee in order to enjoy the benefits of a bankruptcy filing, it did not impose an unreasonable burden on access to bankruptcy courts. The Supreme Court concluded that the mandatory fee was rationally related to a legitimate legislative purpose.

Collier on Bankruptcy ¶ 9.04 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (emphasis added).

Last, even assuming that the federal statute authorizing courts to appoint counsel to represent a civil litigant unable to afford one, 28 U.S.C. § 1915(e), applies in bankruptcy courts, the statute does not authorize the expenditure of federal funds to appoint counsel. See In re Larsen, 406 B.R. at 823.

---

[1] Individual chapter 7 debtors were given the right to apply for a waiver of the filing fees in bankruptcy cases in the amendments to 28 U.S.C. § 1930, as of October 17, 2005, pursuant to the Bankruptcy Abuse Prevention and Consumer Prevention Act of 2005. See 28 U.S.C. § 1930(f).

3

Based upon these factors and the above rationale, IT IS HEREBY ORDERED that the Motion for Appointed Counsel is denied, and Mr. Parker's motion, as set forth in his Response, for leave to file a supplement to the answer he has already filed to the petition is granted. The Court grants Mr. Parker 14 days to retain counsel and file a supplement to the Response.

IT IS FURTHER ORDERED that:

1. counsel for the putative debtor, if any, shall file a notice of appearance on Mr. Parker's behalf by September 25, 2012;

2. if the putative debtor wishes to file a supplement to his Response, he must file it by September 25, 2012;

3. if the petitioning creditors wish to file a reply to any supplement, they must file it by 10:00 a.m. on October 1, 2012; and

4. the putative debtor and the petitioning creditors shall appear for a status conference with respect to the petition, the Response, any supplement to the Response, and any reply, at 3:30 p.m. on October 2, 2012, at the United States Bankruptcy Court in Rutland, Vermont, and be prepared to set a trial date at that time.

SO ORDERED.

September 11, 2012  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

4