UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 12-10684 CAB |
| PARKER, MALCOLM H. ) | Chapter 7 |
| ) | |
| **Debtor** ) | |

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING THE
SALE OF TANGIBLE AND INTANGIBLE PERSONAL PROPERTY ASSETS OF
THE BANKRUPTCY ESTATE TO BIRTH OF INNOCENCE, LLC, FREE AND
CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS
PURSUANT TO 11 U.S.C. § 365(f)**

1. **TO ALL PARTIES IN INTEREST, PLEASE TAKE NOTICE:**

Pursuant to 11 U.S.C. §§ 363(f), Fed. R. Bankr. P. Rules 2002(a)(2), (c)(1), (i) and (k), 6004 and 9014, and Vt. LBR 6004-1, this is a motion by Douglas J. Wolinsky, the chapter 7 trustee (the "Trustee"), for approval of the sale of tangible and intangible personal property assets of the bankruptcy estate. The proposed sale is subject to higher or better offers.

2. **DESCRIPTION OF THE PROPERTY TO BE SOLD:**

The Trustee proposes to sell the bankruptcy's estate's interest in all rights to a film known as the Birth of Innocence ("BOI"), including the tangible medium where the film is recorded, together with the copyrights to the film, as more particularly described in Exhibit 1 (the "BOI Assets").

3. **TERMS OF SALE:**

(a) The Trustee proposes to sell the BOI Assets to Birth of Innocence, LLC ("BOI LLC") a Vermont limited liability company whose Articles of Organization were filed with

the Vermont Secretary of State on February 6, 2014. The sale consists of the following three stages:

**(i)** an initial payment by BOI LLC to the bankruptcy estate of $15,000.00, payable at the closing, as discussed in Section 4.2(i) of the Operating Agreement of Birth of Innocence, LLC (the "Operating Agreement") attached as Exhibit 3. Of this initial payment, $2,250.00 has been remitted to the Trustee as a deposit;

**(ii)** an additional cash payment of $15,000.00 as discussed in Section 4.2 (ii) of the Operating Agreement; and

**(iii)** contingent payments to the holders of allowed claims through a process which is discussed in the Operating Agreement.

(b) The structure of this transaction balances the need to incentivize BOI LLC to complete and then distribute BOI, with the goal of creating a revenue stream to fund a dividend to the holders of allowed claims. The Trustee participated with the two members of BOI LLC to effectuate this structure, and all three parties believe the proposed transaction is best understood by a careful reading of the Operating Agreement.

**4.    LOCATION OF THE BOI ASSETS:**

The tangible BOI Assets are in the custody and control of the Trustee.

**5.    CONDITION OF BOI ASSETS:**

(a) The BOI Assets will be sold to BOI LLC "as is-where is" with no warranties or representations of any kind whatsoever by the Trustee, or the bankruptcy estate, whether expressed, implied, or imposed by law. Without limiting the generality of the foregoing total exclusions of representations and warranties, the BOI Assets will be

sold specifically without any warranty of merchantability and without any warranty of fitness for any particular purpose. Furthermore, there will be no warranties relating to title, possession, or quiet enjoyment.

(b) The BOI Assets will be sold to BOI LLC without warrants or representations as to the existence of signed releases or informed consents from any of the persons who have appeared in BOI, whether by audio or visual medium.

**6. LIENS AND ENCUMBRANCES:**

(a) The Trustee is not aware of any recorded liens asserted against the BOI Assets.

(b) Horace Williams claims an interest in the BOI Assets by virtue of a filed copyright, registration number PAu003579002, dated March 14, 2011 (the "Williams Copyright"). [1] Horace Williams is one of the two members of BOI LLC. As partial consideration for the sale of the BOI Assets to BOI LLC, Horace Williams will assign the Williams Copyright to BOI LLC. Horace Williams thus consents to the sale of the BOI Assets to BOI LLC free and clear of any interest in the BOI Assets that he may assert pursuant to the Williams Copyright.

**7. METHOD OF CONVEYANCE:**

(a) The Trustee will convey title to the tangible BOI Assets by one or more quit-claim bills of sale.

(b) The Trustee will convey title to the intangible BOI Assets, including the Copyrights, by one or more quit claim, non-recourse assignments.

**8. PRIOR EFFORTS TO SELL BOI ASSETS:**

---

[1] Trustee understands that the debtor may have contested the validity or enforceability of the Williams Copyright. However, in light of the structure of the transaction proposed in this Motion, the Trustee takes no position with respect to this issue.

*1684946.1*                    3

(a) On October 7, 2013, Clark Hinsdale, III, submitted a written proposal to the Trustee to purchase the BOI Assets. After conducting his due diligence, the Trustee determined this offer was not feasible. [2]

(b) On January 3, 2014, the Trustee listed the BOI Assets on Market Assets For Sale.Com. The Trustee received only one inquiry, which he deemed not feasible.

(c) On January 2, 2014, the Trustee circulated to various parties that had expressed an interest in the BOI Assets, whether written or unwritten, a Trustee's Notice of Assets for Sale, which is attached as Exhibit 2. Only BOI LLC responded to this Notice.[3]

**9.    OBJECTIONS TO SALE OF PROPERTY:**

Persons objecting to the sale of the BOI Assets proposed herein, including persons wishing to submit higher or better offers, must file a written objection with Thomas J. Hart, Clerk of the United States Bankruptcy Court for the District of Vermont, 67 Merchants Row, PO Box 6648, Rutland, Vermont 05702-6648, and effectuate service of a copy thereof on Douglas J. Wolinsky, the Trustee, at P.O. Box 1489, Burlington, Vermont 05402-1489, both on or before **May 22, 2014, at 4:00 p.m. (Eastern Time)**.

If an objection is filed timely, the Court will hold a hearing on the Motion and any responses will be held at **11:00 on June 3, 2014** at the following locations: **U.S. Bankruptcy Court – Burlington, Federal Building, 11 Elmwood Avenue, 2nd Floor, Burlington, Vermont.**

**IF NO OPPOSITION IS TIMELY FILED, the Court may deem the matter unopposed and grant the Motion without further hearing.**

---

[2] Trustee does not know if Mr. Hinsdale was negotiating for himself, or on behalf of third parties.
[3] BOI LLC did not make an offer for the other estate assets listed in the Trustee's Notice of Assets for Sale. Likewise, no other parties have made a written offer, although one creditor expressed an interest in these assets, but no offer is pending.

**10. PARTIES TO BE NOTICED:**

All creditors, parties in interest and other parties having so requested or appeared and whose names are on the current mail matrix will be noticed. Notice will also be provided to Martin Guigui, Horace Wiliams, Clark Hinsdale, III, and M.L. Bailey.

**11. TIME FOR NOTICING:**

The Federal Rules of Bankruptcy Procedure require a twenty-one (21) day notice of this proposed sale.

**12. WAIVER OF THE STAY PERIOD:**

Absent any objections to the proposed sale or in the event any and all objections are either withdrawn or overruled, the Trustee seeks an Order eliminating the 14-day stay period provided under Fed. R. Bankr. P. 6004(h) and allowing the sale to close immediately.

Dated: May 1, 2014      DOUGLAS J. WOLINSKY
       CHAPTER 7 TRUSTEE

       By:    / s /   Douglas J. Wolinsky
              Douglas J. Wolinsky
              Fed. ID No. 601112
              dwolinsky@primmer.com
              Primmer Piper Eggleston & Cramer PC
              P.O. Box 1489
              Burlington, VT 05402-1489
              (802) 864-0880